Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
District of Oregon

FILED 1 NOV '23 12:47USDC-ORP

Portland Division

Robert L. Adgerson
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Central City Concern Housing Adm
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. 3:23-CV-1604-JR
(to be filled in by the Clerk's Office)

Jury Trial: (check one)   ☐ Yes   ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Robert L Adgerson
Street Address: 8 NW 8th Ave Apt 801
City and County: Portland, Multnomah
State and Zip Code: Oregon 97209
Telephone Number: 480 867-8876
E-mail Address: dbeats76@gmail.com

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1
    Name: Central City Concern Adminstrators
    Job or Title *(if known)*:
    Street Address: 523 NW Everett St
    City and County: Portland, Multnomah
    State and Zip Code: Oregon 97209
    Telephone Number: 503 525-8483
    E-mail Address *(if known)*:

Defendant No. 2
    Name:
    Job or Title *(if known)*:
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address *(if known)*:

Defendant No. 3
    Name:
    Job or Title *(if known)*:
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address *(if known)*:

Defendant No. 4
    Name:
    Job or Title *(if known)*:
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address *(if known)*:

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[ ] Federal question        [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

_Civil Statue 443 Housing / Accomadations_

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
      and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

  b. If the defendant is a corporation

  The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____

  Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Immediate Stay of Eviction at 3pm today.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/01/2023

Signature of Plaintiff: *[signature]*

Printed Name of Plaintiff: Robert L Adyerson

### B. For Attorneys

Date of signing: 

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

On or around August 22nd I took a UA in which I tested positive for Amphetamines and THC. I self-admitted I had relapsed, and this was the only time I had used any substance while in the program. To date I have remained substance free. The only medication listed was Hydrocodone. I told my SUDs counselor Ms. Humphries I was also taking Ibuprofen and Amoxicillin, which was never listed in medications being taken. I

On or around October 5th I was made aware by my SUDS Counselor Kayla Humphries that my intake UA which establishes baseline substance levels came back inconclusive. That UA was taken on or around the 25th of July. When I asked Ms. Humphrey about why it came back inconclusive, she said "It didn't matter what mattered was that my UA's were coming back positive for THC. I asked her "why wasn't I retested, or my sample rescreened, and my question was just brushed off. That was the first time in our counselor/client relationship that she handled me in such fashion.

On or around October 9th I was asked to come see my Peer/Housing counselor Ms. Morrison. I reported to her office and at that time I was informed that I tested positive for amphetamines and THC. I told her "I did not use any substances" and that I would like my UA retested. She said she would get a retest on my UA that was given to me on 10/6.

On October 17th I received a typed notice from Barbara Morrison who is the head Supervisor of housing at the 8x8 and my Peer Counselor that both her and my SUD's Counselor Kayla Humphrey wanted to meet with me on October 18th at 3pm. The note was slipped under my door and when I returned to my room, I immediately saw it.

On October 18th at approximately 2:56pm I arrived on the 2nd floor of the Richard Harris Building for my meeting with Ms. Morrison and Ms. Humphrey. I was told by Ms. Morrison that "The 8x8 program wasn't working for me and that it was Ms. Humphrey's professional opinion that I be transferred to a more intensive outpatient program called River Haven. When I asked Ms. Morrison about the retest results of my 10/6 UA she stated with Ms. Humphrey as a witness that she did not know the number to call to get my UA retested. I then stated that is not only Gross Negligence but also Incompetence. Ms Morrison then stated, "I can call them now and get it retested". I sadly informed her that the sample was no longer valid for testing which by her statement she was completely unaware of. When I then explained to both that the UA's I had been taking were presumptive and not definitive they both referred to my constant positive THC results. It wasn't till 2 ½ months later that I was made aware aware that due to my intake UA coming back inconclusive that CCC never had any definitive levels for anything when I started the program. I then proceeded to ask about my intake UA and was brushed off once again by Ms. Humphrey. When I asked what my other options were and was told I could either transfer to the River Haven program or leave the 8x8 program and that I wasn't allowed to continue treatment in the 8x8 program. I was not told to come to 4pm check-in nor was I told I must continue to sign in daily. I asked if I could take a day or two to decide and was told that was acceptable.

On October 20th at approximately 8:53am I called Ms. Humphrey's office to arrange a meeting to discuss any further options that might be possibly offered to me. I set an appointment for 10:00am that morning to meet. I was told at that time she would only meet with me with her supervisor present whose first name is Deforrest. We met at 10am and I explained that according to other medical professionals that the Tea that I consume daily in a large quantity "Yerba Mate'" can produce a false positive result for amphetamines. I stated "Due to the fact that I asked you (Ms. Humphrey) and Ms. Morrison for a retest of my UA on 10/6 my livelihood is now in jeopardy. I was told my only option was

to go to River Haven and I thanked them for their time and let Ms. Humphrey know that thanks to her I now had the skills to remain drug free and appreciated all that I had gleaned from her SUDs classes. I then left the building.

While returning to my residence a block away I ran into a Peer Support Specialist Stephanie Bennette who had been a substitute for Ms. Humphries SUDs group class on or around 10:30am on 10/20. I explained what was going on with my case and kindly asked her to inform Ms. Humphrey I would be willing to transfer to River Haven. Ms. Bennette has always been kind and caring and informed me when I got out of River Haven in 90 days (about 3 months) that she would take me as a client. Ms. Bennette assured me she would let Ms. Humphrey know of my acceptance to transfer to the River Haven program.

On October 30th at approximately 5:30pm a discharge paper from the 8x8 program was slipped under my door as well as taped to my door. I received 2 copies stating that my right to remain on the premises will cease on November 1st at 3pm. Without any communication my option to transfer to River Haven has been taken away and without warning I am faced with being tossed onto the streets where my chances of survival will be greatly diminished. I have seen Ms. Morrison on numerous occasions once coming to my door with another Peer Counselor "Sara" and at which no time was I spoken to by Ms. Morrison. The last I knew once agreed upon the transfer process would begin and I would be told when I would be transferred. I saw Ms. Morrison earlier in the day on or around 1:00pm and she did not engage me to ask me of my decision or to inform me that I was on the verge of discharge. I spoke to the 2 CCC associates she was with, but Ms. Morrison did not say a word.

I Robert L. Adgerson does herewith swear, declare, and affirm that Affiant issues this Affidavit of Fact with sincere intent, that Affiant is competent to state the matters set forth herein, that the contents are true, correct, complete, and certain, admissible as evidence, and resonable and just in accordance with Affiant's best firsthand knowledge and understanding.

Exodus 20: 15: 16

Further Affiant Saith Naught

This Affidavit of Fact is dated the First Day of the Elevenyth Month in the Year of our Creator Two Thousand Twenty Three



**CENTRAL CITY**
**CONCERN**
HOMES  HEALTH  JOBS

November 1, 2023

Robert Adgerson
8 NW 8th Ave #801
Portland, OR  97209

RE:  Discharge Hearing

Dear Robert,

This letter is to inform you that after your hearing today it was decided to uphold your Discharge from the Richard Harris Program. You must vacate your unit by November 1, 2023 at 3:00 PM.

Sincerely,

Central City Concern Housing Administration
523 NW Everett St
Portland, OR  97209
503-525-8483