IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROBERT L. ADGERSON**,

        Plaintiff,

   v.

**CENTRAL CITY CONCERN HOUSING ADMINISTRATION**,

        Defendant.

Case No. 23-cv-1604-JR

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

**Michael H. Simon, District Judge.**

      On November 1, 2023, Plaintiff Robert L. Adgerson commenced this civil lawsuit against Defendant Central City Concern Housing Administration (Central City Concern). Plaintiff also filed a motion for a Temporary Restraining Order (TRO), seeking to enjoin Central City Concern from evicting, or discharging, Plaintiff from Central City Concern's housing. Plaintiff alleges that his "civil rights" have been violated by Central City's decision to evict Plaintiff. The only basis that Plaintiff states for his claim is "civil rights housing/accommodation."

      In deciding whether to grant a motion for TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that:

PAGE 1 – ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

(1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Id.* at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Thus, a TRO may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

The Court has reviewed both Plaintiff's Complaint (ECF 1) and his motion for TRO (ECF 3). The Court finds that Plaintiff has not shown either that he is likely to succeed on the merits or that is raised serious questions going to the merits. Although Plaintiff's claims are unclear, the Court will construe his Complaint liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). There appear to be several potential bases for Plaintiff's claims.

First, Plaintiff may be asserting a violation of the federal Fair Housing Act. The Fair Housing Act prohibits discrimination in housing based on race, color, religion, sex, familial status, national origin, or disability. *See, e.g.*, 42 U.S.C. § 3604. This includes a residential treatment program. *See Intermountain Fair Hous. Council v. Boise Rescue Mission Ministries*, 657 F.3d 988, 995 (9th Cir. 2011). Plaintiff, however, fails to show a likelihood of success or

even serious questions going to the merits because he fails to allege that Central City Concern made any decisions because of Plaintiff's race, color, religion, sex, familial status, national origin, or disability.

Second, Plaintiff may be asserting a violation of his constitutional rights under 42 U.S.C. § 1983. That statute provides that any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party. A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. Plaintiff, however, fails to allege facts showing that Central City Concern is a state actor. Further, Plaintiff has not alleged facts that plausibly could bring this case within the framework of § 1983.

Third, Plaintiff may be asserting claims for negligence or fraud against Central City Concern. Plaintiff, however, fails to allege facts sufficient to show that he is likely to succeed on the merits or has shown serious questions going to the merits of such a claim. Nor has Plaintiff shown the Court's subject matter jurisdiction over these state law claims.

Because Plaintiff has not shown that he is likely to succeed on the merits or raised serious questions going to the merits, Plaintiff's request for a TRO is inappropriate, even without considering the other factors. Accordingly, the Court DENIES Plaintiff's Motion for Temporary Restraining Order. ECF 3.

**IT IS SO ORDERED.**

DATED this 1st day of November, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge